IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ARTHUR FREE,

    Petitioner,                        No. CIV S-11-1664 GGH P

    vs.

G. SWARTHOUT, Warden,            <u>ORDER</u>

    Respondent.

                                   /

        Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28 U.S.C. § 2254. Petitioner has consented to this court's jurisdiction. (Docket No. 4)

        On June 16, 2011, petitioner filed the instant petition for writ of habeas corpus. He is currently incarcerated at the California State Prison - Solano, serving a sentence of 18 years to life following his 1980 conviction for murder in the second degree, with an enhancement for use of a firearm. On January 26, 2010, the Board of Parole Hearings' ("BPH") found him unsuitable for parole and scheduled the next parole consideration hearing for seven years after the 2010 denial.

        Petitioner raises three challenges to the BPH's decision: (1) that the application of Marsy's Law to petitioner's case violated the Ex Post Facto Clause of the United States Constitution; (2) that the use of an unreliable 2009 psychological assessment in evaluating

1

petitioner's current dangerousness violated petitioner's due process rights; and (3) that the eighth denial of parole violated petitioner's due process rights because the record did not support the BPH's determination of current dangerousness.  Petitioner seeks, <u>inter alia</u>, declaratory relief and an order for immediate release.

For the reasons outlined below, the petition is dismissed because it does not present cognizable claims for relief, and no cognizable claim could be raised if leave to amend were granted.  See <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

**DISCUSSION**

A.      Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides, in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  See <u>Jarvis v. Nelson</u>, 440 F.2d at 14.

B.      Failure to State a Cognizable Claim

<u>Ex Post Facto Claim</u>

Petitioner's first claim for relief, that the Board violated the Ex Post Facto Clause by invoking Marsy's Law, is foreclosed by the pending class action, <u>Gillman v. Brown</u>, CIV-S-05-0830 LKK GGH.  The parameters of the <u>Gilman</u> class include petitioner.  See "Order Amending Definitions of Certified Class," filed April 25, 2011, CIV-S-05-0830-LKK-GGH, Docket No. 340 ("As to Claim 8 (*ex post facto* challenge to Proposition 9 deferral provisions), the class is defined as 'all California state prisoners who have been sentenced to a life term with

2

a possibility of parole for an offense that occurred before November 4, 2008.'")

A member of a class action seeking equitable relief cannot raise those same claims in a separate equitable action. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979). See also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action. To permit them would allow interference with the ongoing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudication.") Indeed, "[a] district court has inherent power to choose among its broad arsenal of remedies when confronted with situations where, as here, continued litigation of a matter would create undue hardship on the litigating parties, or would improvidently circumscribe the actions of another court handling a prior certified action." Crawford v. Bell, 599 F.2d at 892.

Moreover, "increasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties. A court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result." Id. at 893. Pursuant to the above authorities, petitioner's Ex Post Facto claim is thus precluded, or at least not warranted for further adjudication in this case.[1]

\\\\

\\\\

---

[1] If petitioner wishes to pursue his ex post facto challenge individually, he may attempt to opt out of the Gilman class action. McReynolds v. Richards-Cantave, 588 F.3d 790, 800 (2d Cir. 2009) (recognizing that district courts have discretion to grant opt-out rights); Penson v. Terminal Transp. Co., Inc., 634 F.2d 989, 993 (5th Cir. 1981) ("[A]lthough a member of a class certified under [Federal Rule of Civil Procedure] 23(b) has no absolute right to opt out of the class, a district court may mandate such a right pursuant to its discretionary power under Rule 23.") However, the court would be puzzled as to why petitioner would desire the issue to be addressed here under the very restrictive AEDPA constraints as opposed to the *de novo* review applicable in the civil class action.

        "Some Evidence" Claims

In his second and third claims for relief, petitioner argues that the evidence before the Board was insufficient to support the Board's assessment of petitioner's current dangerousness, and that their decision was accordingly arbitrary and capricious, denying petitioner a fair hearing and a neutral, disinterested decisionmaker.

On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id. While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding),[2] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

\\\\

---

[2] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward. Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward. When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)). Therefore, this court is not bound by Hayward.

Citing <u>Greenholtz</u>,[3] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." <u>Swarthout v. Cooke</u>, at 862. Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." <u>Id</u>.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." <u>Swarthout v. Cooke</u>, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." <u>Id</u>., at 863. "No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement." <u>Id</u>., at 862. Thus, it appears there is no federal due process requirement for a "some evidence" review and it also appears that federal courts are precluded from review of the state court's application of its "some evidence" standard.

Petitioner does not allege that he was denied any of the due process required under <u>Swarthout</u> and <u>Greenholz</u>. A review of the record confirms that petitioner was allowed an opportunity to be heard at the parole hearing, and provided with a statement of the reasons why parole was denied. <u>See</u> Lodged Ex. B. Accordingly, petitioner's claims that the evidence before the BPH was insufficient to support their determination that he was unsuitable for parole, and therefore violated his due process rights, are foreclosed by the Supreme Court's decision in <u>Swarthout</u>.

\\\\

\\\\

---

[3] <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 16 (1979).

C.  Certificate of Appealability

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

For the reasons set forth above, petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability should not issue in this action.

Accordingly, IT IS HEREBY ORDERED that:

1.) Petitioner's June 20, 2011 motion to proceed in forma pauperis (Docket No. 2) is denied as moot.

2.) The petition for writ of habeas corpus is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

3.) A certificate of appealability should not issue in this action.

DATED: October 13, 2011

                                /s/ Gregory G. Hollows
                                UNITED STATES MAGISTRATE JUDGE

GGH:rb
free1664.parole.scrn